**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | | |
|---|---|---|
| SWAMIJI SRI SELVAM SIDDHAR a.k.a. ANNAMALAI ANNAMALAI | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 13-CV-03148 |
| DR. KRIPAKARAN PUVALAI and DR. KASTURI KRIPAKARAN, | ) ) ) | |
| Defendants. | ) ) | |

**OPINION**

Plaintiff, Swamiji Sri Selvam Siddhar, a.k.a., Annamalai Annamalai, filed his complaint (#1) against Defendants, Dr. Kripakaran Puvalai and Dr. Kasturi Kripakaran, on May 23, 2013. Plaintiff filed an amended complaint (#15) on July 16, 2013.  Plaintiff alleges diversity jurisdiction.

Federal courts are courts of limited jurisdiction and possess only that power authorized by Constitution and statute.  *Kokkonen v. Guardian Life Ins. Co. Of America*, 511 U.S. 375, 377 (1994).  This court has an independent obligation to determine whether subject matter jurisdiction exists, even when no party challenges it.  *Hertz Corp.* v. *Friend*, 559 U.S. 77, 95 (2010).  In this case, Plaintiff claims that this court has subject matter jurisdiction under 28 U.S.C § 1332(a).  That section states:

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between- -

(1) citizens of different States;

(2) citizens of a State and citizens or subjects of a foreign state, except that the

district courts shall not have original jurisdiction under this subsection of an

action between citizens of a State and citizens or subjects of a foreign state who

are lawfully admitted for permanent residence in the United States and are

domiciled in the same State;

(3) citizens of different States and in which citizens or subjects of a foreign state

are additional parties; and

(4) a foreign state, defined in section 603(a) of this title, as plaintiff and citizens

of a State or of different States."

In a diversity action, the plaintiff's complaint must affirmatively establish each party's

citizenship. *Guaranty Nat. Title Co., Inc. v. J.E.G. Associates*, 101 F.3d 57, 59 (7th Cir. 1996).

Here, Plaintiff's complaint states that he resides in the State of Texas and Defendants reside in

the State of Illinois. Plaintiff also claims that Defendants hail from the same state in India as

Plaintiff and that all parties immigrated to the United States. Importantly, Plaintiff's complaint

only mentions the residence and not the citizenship status of any of the parties. Without

knowing the parties' State or national citizenship, it is impossible for this court to determine

whether diversity jurisdiction exists. *See Guaranty Nat. Title Co., Inc.*, 101 F.3d at 58 (when the

parties allege residence but not citizenship, the court must dismiss the suit). Therefore, this court

concludes that Plaintiff has failed to establish subject matter jurisdiction and the suit must be

dismissed.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's complaint (#15) is dismissed for lack of subject matter jurisdiction.

(2) This case is terminated.

ENTERED this 28th day of April, 2014.


s/ COLIN S. BRUCE
U.S. DISTRICT JUDGE